NOT DESIGNATED FOR PUBLICATION

No. 118,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS W. MAYER,
*Appellant.*


MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed August 10, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: Travis Mayer was convicted of one count of fleeing or attempting to elude a law-enforcement officer and one count of aggravated battery of a law-enforcement officer after he tried to evade a routine traffic stop. He has appealed, raising two claims of trial error.

His first claim relates to comments made by the trial judge after the jury, during deliberations, asked for the transcript of the testimony of two witnesses. The district court replied that it wouldn't provide complete transcripts of testimony but would read back

portions of testimony. The court then had the portions of testimony the jurors had asked about read to them. Mayer's complaint is about a comment the judge made afterward, right before the jury took its lunch break. At that time, the judge asked the jury to rely on its collective memory before making additional requests for transcripts.

Mayer argues that this comment improperly pressured the jury to reach a verdict without asking any more questions. We are not persuaded: The court simply explained to the jury that it wouldn't provide full transcripts but that it would have testimony read back to the jury if that was needed. The court didn't abuse its discretion in making those comments.

Mayer's second claim is that the trial judge should have granted a continuance of the sentencing hearing so that his new attorney could investigate whether the attorney who represented Mayer at trial had provided adequate representation. But whether to grant a continuance is a decision we give wide deference to. And Mayer still has the ability in a habeas corpus filing to present a claim that his trial attorney's work was below constitutionally required standards. Under these circumstances, the trial court didn't abuse its discretion in denying Mayer's request to continue his sentencing hearing. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Travis Mayer fled from a police officer when the officer tried to pull Mayer over for having an expired license plate. The officer, Jessica Penn, turned on her flashing lights but Mayer didn't stop. A chase ensued, starting in Emporia and ending on gravel roads outside the city. When Mayer's car eventually began to slow down, he bailed out before it stopped and the car slid into a ditch.

A foot chase then began, but first Mayer and then Penn slipped into the ditch. At one point, Penn testified, Mayer tried to grab her gun and they struggled physically. Another officer arrived to assist, and the officers took Mayer into custody. The State charged him with one count of fleeing or attempting to elude a law-enforcement officer and one count of aggravated battery of a law-enforcement officer.

At a jury trial, both of the officers who arrested Mayer testified. After the jury started deliberating, it asked for transcripts of the officers' testimony. The court sent a written response back to the jury stating that it wouldn't provide complete transcripts of testimony but would provide readbacks of any particular portions of testimony the jury requested. The jury responded, asking for the testimony of one of the officers.

The district court interpreted the jury's response as a request for the officer's direct testimony. The court brought the jury back into the courtroom; the court reporter read back the requested testimony. After the readback and before the court recessed for lunch, the court told the jury to rely on its collective memory before making additional requests for transcripts when it returned to deliberations.

The jury deliberated for another hour and a half after it returned from lunch. Without asking further questions, it found Mayer guilty on both counts.

Before sentencing, Mayer filed a pro se motion (one prepared without the help of an attorney) to continue the sentencing hearing. Mayer claimed that his attorney at trial hadn't provided adequate representation. At a hearing on that motion, the court allowed Mayer's trial attorney to withdraw, appointed a new attorney to represent Mayer, and rescheduled the sentencing hearing for a later date.

When that date arrived, Mayer's new lawyer asked for a continuance to let him further investigate Mayer's claim that his first attorney had provided substandard

representation. The district court denied the motion and sentenced Mayer to 56 months in prison.

Mayer then appealed to our court.

ANALYSIS

*I. The District Court Didn't Abuse Its Discretion by Informing the Jury to Rely on Its Collective Memory before Requesting Additional Testimony Readbacks.*

Mayer's first claim is that the court's response to the jury's request for transcripts denied him his constitutional right to a fair trial because it coerced the jury into rendering a verdict without asking more questions.

We first note that Mayer didn't object to the court's response at trial, something that could cause a problem in presenting this issue on appeal: The general rule is that you must raise an issue in the trial court to raise it on appeal. But even when the issue wasn't raised in the trial court, the Kansas Supreme Court has allowed consideration of a claim of clear error in a trial judge's response to a mid-deliberation jury question. See *State v. Lewis*, 299 Kan. 828, 856, 326 P.3d 387 (2014).

We review a district court's response to a mid-deliberation jury question for an abuse of discretion. *Lewis*, 299 Kan. at 856. A district court abuses its discretion if its judgment is so arbitrary that no reasonable person would agree with it or if its ruling is based on an error of law or fact. *State v. Parker*, 48 Kan. App. 2d 68, 75, 282 P.3d 643 (2012).

Here, the jury had asked for the transcript of the testimony of two witnesses. It then amended the request to ask for a specific part of one witness' testimony. The court

4

denied the request for a transcript—a handwritten, printed, or typed copy of testimony—but had the court reporter read back the requested portion of the testimony to the jury. The court then explained that transcripts are difficult and time-consuming to make, and it encouraged the jury to rely on its collective memory before requesting additional transcripts:

> "Now, when you return to your deliberations, I'd ask you to keep this in mind. You were out not a great deal more than an hour before you started requesting transcripts in this case. You heard the testimony. The testimony is very recent in duration. There should not be a real need for a request for transcripts at this point in time. I will not prohibit you from having readbacks, but I will not give you transcripts of the proceedings. They're difficult and time-consuming to make, but I ask that you rely upon your collective memory and recollection and work to resolve these issues of fact that you may have before you make any more requests for transcripts."

Mayer argues that the district court's comments amounted to an improperly coercive instruction—often referred to as "an *Allen*-type instruction." See *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896). An *Allen*-type instruction is one that encourages the jury to reach a unanimous verdict to avoid a mistrial. *State v. Tahah*, 302 Kan. 783, 794, 358 P.3d 819 (2015). The Kansas Supreme Court has emphasized that such instructions shouldn't be given to a jury once deliberations have begun because they risk improperly influencing jurors to compromise their views on the evidence simply to avoid a hung jury. *Tahah*, 302 Kan. at 794; see *State v. Torres*, 294 Kan. 135, 145-46, 273 P.3d 729 (2012).

But what the court told jurors here related only to how they should consider the making of requests for the readback of testimony, not a prod to compromise their beliefs in reaching a verdict. The court didn't deny the jury the ability to rehear testimony or to weigh appropriately the evidence—and it said that it would provide readbacks of any portions requested. While the court didn't offer transcripts, that's a reasonable decision.

5

Getting transcripts prepared and proofread is a time-consuming task, and jurors might consider transcribed evidence more significant than what they merely heard during the trial. See *State v. Smith*, 258 Kan. 321, 325-26, 904 P.2d 999 (1995). We find no error in the district court's encouragement to the jury to use its collective memory before asking for additional testimony transcripts. The comments weren't an *Allen*-type instruction that coerced the jury into reaching a verdict.

The court's response was neither based on an error of fact or law, and a reasonable person could agree with the court's comments. We therefore find no abuse of the district court's discretion.

II. *The District Court Didn't Abuse Its Discretion by Denying the Motion for a Continuance.*

Mayer also argues the district court erred by denying his motion for a continuance because his new attorney needed more time to investigate Mayer's claim that his trial attorney provided inadequate representation.

Under K.S.A. 22-3401, a district court may grant a continuance "for good cause shown." *State v. Burnett*, 300 Kan. 419, 436, 329 P.3d 1169 (2014). To meet the good-cause requirement, defendants usually must show that the continuance will have some effect on the proceedings. *State v. Harris*, No. 116,144, 2016 WL 7032164, at *1 (Kan. App. 2016) (unpublished opinion). We review the district court's denial of a continuance only for an abuse of discretion. *Burnett*, 300 Kan. at 436. As we've already noted, a district court abuses its discretion if its decision is based on an error of fact or law, or if no reasonable person would agree with it. *Parker*, 48 Kan. App. 2d. at 75.

Here, the district court determined that Mayer didn't establish good cause for a continuance because there didn't seem to be any merit to the claim that his trial attorney

could have done something different to defend the case successfully. In addition, the court said that the defendant and his attorney could still gather evidence that could be presented at a later time on the adequacy of the trial attorney's representation. Mayer asserts that the denial was an abuse of discretion because investigating the claim while it was fresh is better than waiting to pursue the claim later when memories have faded. But mere speculation that the continuance would have resulted in a better ultimate outcome doesn't constitute good cause. See *State v. Beaman*, 295 Kan. 853, 864, 286 P.3d 876 (2012). And Mayer recognizes that he still has the opportunity to present a claim that his trial attorney provided inadequate representation in a habeas corpus proceeding under K.S.A. 60-1507.

The district court's judgment was not based on an error of fact or law. Nor was it so arbitrary that no reasonable person could agree with it. Rather, it was reasonable for the district court to recognize that Mayer's counsel could still investigate and present the claim of ineffective assistance of counsel without a continuance of Mayer's sentencing hearing. The district court didn't abuse its discretion.

We affirm the district court's judgment.